# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

BELLSOUTH TELECOMMUNICATIONS, INC.   )
        Plaintiff,                          )
v.                                        )
                                      )
PINE MOUNTAIN PROPERTIES, LLC, and   )    No.  3:06-cv-132
RARITY COMMUNITIES, INC.,          )    Judge Phillips
                                      )    Magistrate Shirley
        Defendants.              )
                                        )
*******************************   )
                                        )
PINE MOUNTAIN PROPERTIES, LLC,   )
        Third Party Plaintiff,        )
v.                                        )
                                        )
SBA TOWERS, INC.               )
        Third Party Defendant.    )

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to the provisions of 28 U.S.C § 636(b), the Rules of this Court, and by Order [Doc. 19] of the Honorable Thomas W. Phillips, United States District Judge, for consideration of Pine Mountain's Motion for Leave to File an Amended and Restated Counterclaim.  [Doc. 13].

### I.

Pine Mountain Properties, L.L.C.  ("Pine Mountain") moves for leave to file an amended and restated counterclaim to recover damages from the trespass of BellSouth Telecommunications, Inc. ("BellSouth") occurring within twelve (12) months from the date suit was filed herein, and for punitive damages based upon BellSouth's disregard of statutory duties for acquisition of property rights under Tenn. Code Ann. § 65-21-204 or § 29-16-101, *et seq.* [Doc. 13].

BellSouth opposes Pine Mountain's motion, arguing that there was no trespass by BellSouth because Pine Mountain consented to BellSouth's entry on its property, and therefore, such an amendment would be futile, as Pine Mountain cannot state a claim for relief [Doc. 15]. For the reasons set forth below, Pine Mountain's Motion for Leave To File Amended and Restated Counterclaim [Doc. 13] is **GRANTED.**

## II.

Pine Mountain alleges that BellSouth entered upon property of Pine Mountain sometime in the last eight years to install lines and equipment in order to service the cellular transmission tower owned by Third Party Defendant, SBA Towers, Inc. [See, Doc. 8]. Pine Mountain alleges that BellSouth possessed the land illegally because it did not comply with the statutory procedure for acquisition of property rights under Tenn. Code Ann. § 65-21-204 or § 29-16-101, *et seq*. Pine Mountain further alleges that in the fall of 2005, BellSouth entered upon Pine Mountain's property again and relocated its equipment as a result of road construction. The Amended and Restated Counterclaim limits the actual damage claim of Pine Mountain for trespass arising from the new "taking" of Pine Mountain's land.

## III.

Rule 15(a) of the Federal Rules of Civil Procedures provides that leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P.15(a). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rule requires, be 'freely given.'" Forman v. Davis, 371 U.S. 178, 182 (1962).

In considering whether a proposed amendment would be futile, the Court must determine whether the amendment could withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Adkins v. Unum Provident Corp., 191 F. Supp. 2d 956, 959 (M.D. Tenn. 2002). "A court is within its discretion to refuse amendment and dismiss the complaint if it 'concludes that the pleading as amended could not withstand a motion to dismiss.'" Hoover v. Langston Equipment Assocs., Inc., 958 F.2d 742, 746 (6th Cir. 1992) (quoting Martin v. Associated Truck Lines, Inc., 801 F.2d 246, 248 (6th Cir. 1986). "A motion to dismiss under Fed. R. Civ. P. 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claim that would entitle relief." Coffey v. Chattanooga-Hamilton County Hosp. Auth., F. Supp. 1023, 1024 (E.D. Tenn. 1996). A motion to dismiss "should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Buchannan v. Apfel, 249 F.3d 485, 488 (6th Cir. 2001) (quoting Conley v Gibson, 355 U.S. 41, 45-46 (1957)).

**IV.**

BellSouth opposes Pine Mountain's attempt to assert a claim for trespass, arguing such an amendment would be futile. BellSouth avers that Pine Mountain is precluded from asserting a trespass claim because Pine Mountain consented to BellSouth entering its property to relocate equipment. Specifically, BellSouth argues that "defendant Pine Mountain asked some company under the BellSouth umbrella to move various equipment located on Pine Mountain's property and along certain roads located nearby." [Doc. 15].

Pine Mountain alleges that the presence of BellSouth's wires and structure was without the consent of Pine Mountain. Pine Mountain argues that as a result of BellSouth's failure

to comply with provisions of the Tennessee Code relating to acquisition of private property by telephone companies that BellSouth's presence at all times on the property of Pine Mountain was illegal. Further, Pine Mountain avers that BellSouth was asked to move their equipment, and no consent was ever given to move the equipment to another place on the property of Pine Mountain. Proposed Amended and Restated Counterclaim, ¶ 9.

With respect to BellSouth's argument that the amended pleading would be futile because Pine Mountain consented to BellSouth's presence, the Court finds that the proposed amendment creates an issue of fact as to whether there was consent. Further, in "accepting all the complaint's factual allegations as true" the Court cannot say beyond doubt that Pine Mountain cannot prove facts in support its claims that would entitle it to relief. See Coffey v. Chattanooga-Hamilton County Hosp. Auth., 932 F. Supp. 1023, 1024 (E.D. Tenn. 1996).

## V.

For the foregoing reasons Pine Mountain's Motion for Leave to File an Amended and Restated Counterclaim [Doc. 13] is **GRANTED.**

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge