**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | | |
|---|---|---|
| BELLSOUTH TELECOMMUNICATIONS, INC. ) | | |
|     Plaintiff, ) | | |
| v. ) | | |
| ) | | |
| PINE MOUNTAIN PROPERTIES, LLC, and ) | No. 3:06-cv-132 | |
| RARITY COMMUNITIES, INC., ) | Judge Phillips | |
| ) | Magistrate Shirley | |
|     Defendants. ) | | |
| ) | | |

**MEMORANDUM AND ORDER**

In this matter, the plaintiff filed suit for damages to its facilities and for failure to pay for work performed. In response, defendant filed a counter-claim asserting that plaintiff trespassed upon its property. The plaintiff has filed a motion for partial judgment on the pleadings [Doc. 11] asserting that defendant's counter-claim should be dismissed. The defendant has responded [Doc. 14], and the plaintiff has replied [Doc. 15]. For the reasons that follow, plaintiff's motion for partial summary judgment [Doc.11] is **DENIED**.

**I.**     **Facts**

As the law requires, all disputed facts and inferences are resolved most favorably to Pine Mountain in regard to its counter-claim. Furthermore, the Court merely provides an abridged summary of the facts for purposes of this opinion.

BellSouth Telecommunications, Inc. ("BellSouth") entered upon the property of Pine

1

Mountain Properties, LLC ("Pine Mountain") and Rarity Communities, Inc.[1] sometime in the past eight years to install lines and equipment in order to service the cellular transmission tower owned by third party defendant, SBA Towers, Inc. Pine Mountain asserts that BellSouth did so without complying with the statutory procedure for acquisition of property rights under Tenn. Code. Ann. § 65-21-204 or § 29-16-101, *et seq*. Essentially, Pine Mountain argues that BellSouth had acquired no definable interest by metes and bounds, and only had a possessory right in the specific location where its equipment was located on the property. As a result of such failure to comply with statutory requirements, Pine Mountain asserts that BellSouth's presence at all times on its property was illegal.

In the fall of 2005, Pine Mountain discovered that BellSouth's lines were obstructing road construction. The pleadings reflect that Pine Mountain told BellSouth to *move* its equipment out of the path of construction. BellSouth agreed to perform the work for a fee of twenty thousand dollars ($20,000.00). After entering upon Pine Mountain's property, BellSouth chose to *relocate* its equipment to another part of Pine Mountain's property. Pine Mountain maintains that no consent was ever given for BellSouth to relocate its equipment to another part of the property. Pine Mountain did not deliver payment to BellSouth for the work performed.

Therefore, BellSouth filed suit alleging failure to pay for services in relocating the equipment, as well as damage to its equipment/facilities. In response, Pine Mountain

---

[1] Pine Mountain and Rarity Communities, Inc. are the developers of a large gated, resort community called Rarity Mountain in Jellico, Campbell County, Tennessee.

counter-claimed alleging trespass to property. BellSouth then filed the instant motion to dismiss the counter-claim asserting that Pine Mountain's cause of action is barred by the statute of limitation pursuant to Tenn. Code Ann. § 29-16-124.[2] Thereafter, Pine Mountain was allowed to amend its counter-complaint to limit its actual damage claim for trespass arising from the new "taking" of Pine Mountain's land. *See* Memorandum and Order [Doc 21], July 11, 2006. However, BellSouth also argues for dismissal of the amended counter-complaint stating that Pine Mountain had given its consent for BellSouth to enter onto its property by requesting that BellSouth relocate the equipment.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires a court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of claims that would entitle him or her to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990) *cert. denied,* 498 U.S. 867 (1990). A court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). A court must liberally construe the

---

[2]The limitations period set forth in Tenn. Code Ann. § 29-16-124 provides that an action against BellSouth by Pine Mountain for trespass for having placed facilities on the owner's property without the owner's permission and without having instituted condemnation proceedings, must be filed within one (1) year.

complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

### III. Motion to Dismiss and Applicable Law

Pine Mountain concedes and/or does not challenge BellSouth's assertion that the counter-claim damages for BellSouth's entry onto its land prior to April 10, 2005 is barred by the statue of limitations. As the counter-claim has been amended and restated to reflect an actual damage claim for trespass arising from the new "taking" of Pine Mountain's land, BellSouth's motion for dismissal upon statute of limitation grounds is denied as moot and need not be addressed by the Court.

However, BellSouth also seeks dismissal of Pine Mountain's counter-claim on grounds that Pine Mountain gave its consent for BellSouth to enter onto the property. It is black letter law that the consent of a landowner to enter onto a landowner's property is an absolute defense to an action by a landowner for trespass onto his or her property. *See* Restatement (Second) of Torts § 892A ("One who effectively consents to conduct of another intended to invade his interests cannot recover in an action for tort for the conduct or for harm resulting from it."); 87 C.J.S. *Trespass* § 54 ("the consent of, or a valid license

from, the owner of the land is a good defense to an action of trespass for acts within the scope of the license."); 75 Am. Jur. 2d *Trespass* § 84 ("Consent from the owner of land is an absolute and valid defense to an action of trespass, for acts done within the scope of the license.").

In the instant matter, Pine Mountain argues that as a result of BellSouth's failure to comply with provisions of the Tennessee Code relating to acquisition of private property by telephone companies, BellSouth's presence at all times on Pine Mountain's property was illegal. Pine Mountain alleges that the presence of BellSouth's wires and structure was without consent of Pine Mountain. Further, although, BellSouth asserts that "defendant Pine Mountain asked some company under BellSouth umbrella to move various equipment located on Pine Mountain's property and along certain roads located nearby," Pine Mountain avers that BellSouth chose to relocate, rather than move, equipment without its consent to another part of the property.

In light of the above, the Court finds that there is a question of fact regarding allegations of consent. Viewing the facts in the light most favorable to the defendant, the Court cannot say beyond doubt that Pine Mountain cannot prove facts in support of its claims that would entitle it to relief.

## IV. CONCLUSION

For the reasons hereinabove set forth, plaintiff's motion for partial judgment on the pleadings [Doc.11] is **DENIED**.

**IT IS SO ORDERED.**

                                **ENTER:**

                                s/Thomas W. Phillips
                                UNITED STATES DISTRICT JUDGE